02-11-355-CV













 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00355-CV

 

 


 
 
 Anthony Branch and All Occupants
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Fannie Mae a/k/a Federal National
 Mortgage Association
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM County Court at Law No. 1 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

On June
1, 2012, we notified Appellant Anthony Branch that his brief did not comply
with appellate rules of procedure 9.4(h) and 38.1(d), (f), (i), and (k) and
local rule 1.A(8).[2]  We allowed Appellant until June 11, 2012, to
file an amended brief that complied with the above rules.  We stated in our letter to Appellant that his
failure to timely file an amended brief in compliance with the above rules
could result in the waiver of noncompliant points, our striking his brief, or
the dismissal of his appeal.[3]  We received Appellant’s amended brief on June
11, 2012, but it too was noncompliant[4]
and therefore not filed by this court.

We
liberally construe pro se briefs, but to ensure fairness in our treatment of
all litigants, we hold pro se litigants to the same standards as licensed
attorneys and require pro se litigants to follow the applicable laws and rules
of procedure.[5]  Accordingly, we strike Appellant’s brief,
deny his request to supplement his original brief, and dismiss this appeal for
want of prosecution.[6]

 

 

PER CURIAM

 

PANEL:  DAUPHINOT, GARDNER,
and WALKER, JJ.

 

DELIVERED:  July 26, 2012











[1]See
Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 38.1(d), (f), (i), (k); 2nd Tex.
App. (Fort Worth) Loc. R. 1.A(8).





[3]See Tex. R. App. P. 38.8(a), 38.9(a), 42.3(b), (c).





[4]See Tex. R. App. P. 38.1(d), (i), (k).





[5]See Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184–85 (Tex. 1978); Shull v.
United Parcel Serv., 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet.
denied), cert. denied, 531 U.S. 835
(2000).





[6]See Tex. R. App. P. 38.8(a), 38.9(a), 42.3(b), (c).